IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 5 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01796-BNB

LEROY W. BAKER,

    Plaintiff,

v.

TOM CLEMENTS, Director of Department of Corrections,
KEVIN MILYARD, Warden, Sterling Correctional Facility, and
ALL OTHER JOHN AND JANE DOE'S [sic] OF THE MEDICAL STAFF
    RESPONSABLE [sic],

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Leroy W. Baker, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Baker initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. He asks for money damages and injunctive relief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the complaint liberally because Mr. Baker is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Baker will be ordered to file an amended complaint.

The Court has reviewed the complaint filed by Mr. Baker and finds it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

In general, Mr. Baker alleges that the medical co-pay charged by Sterling Correctional Facility to inmates that access medical care is unconstitutional. He asserts that he is paid 60 cents a day at his inmate job, but that he is charged $3.00 per visit to see a doctor, and $10.00 or more for emergency care. He asserts that this violates his Fifth, Eighth, Thirteenth and Fourteenth Amendment rights. However, Mr. Baker has failed to organize his complaint into distinct claims that each assert a "short and plain statement" showing that Mr. Baker is entitled to relief. For instance, Mr. Baker's

discussion of what appears to be his first claim - the medical co-pay - is asserted as two different claims. In the second claim, Mr. Baker provides a long and confusing background regarding the litigation of his medical co-pay claim in the state courts. He sets forth an unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." ***New Home Appliance Ctr., Inc., v. Thompson***, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the complaint and its asserted claims are vague and confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Mr. Baker also appears to assert a request or motion for class certification as part of his Complaint. Mr. Baker is directed that the body of his complaint is not the proper forum for a request or motion for class certification, and the Court will not address the merits of his request.

Mr. Baker fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Therefore, Mr. Baker will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. It is Mr. Baker's responsibility to present his claims in a short, concise, and manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005). To state a

claim in federal court, the amended "complaint must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10thCir. 2007).

Mr. Baker also must allege specific facts in his amended complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Baker must name and show how the named defendants caused a deprivation of his federal rights. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. ***See Dodds v. Richardson***, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), ***cert. denied***, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Baker may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Baker uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Accordingly, it is

ORDERED that Plaintiff, Leroy W. Baker, file **within thirty days from the date of this order**, an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this order.  It is

FURTHER ORDERED that Mr. Baker shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.

FURTHER ORDERED that, if Mr. Baker fails to comply with this order within the time allowed, the complaint and the action will be dismissed without further notice

DATED August 5, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01796-BNB

Leroy W Baker
Prisoner No. 82907
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 5, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk