IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 2 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-01796-BNB

LEROY W. BAKER,

      Plaintiff,

v.

TOM CLEMENTS, Dir, DOC,
KEVIN MILYARD, Warden, SCF, and
ALL OTHER JOHN AND JANE DOE MEDICAL STAFF RESPONSABLE [sic],

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AND FINAL AMENDED COMPLAINT

---

      Plaintiff, Leroy W. Baker, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. Baker initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. He asks for money damages and injunctive relief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

      On August 5, 2011, the Court reviewed the complaint and determined it was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to allege the personal participation of each named defendant. Therefore, Mr. Baker was directed to file an amended complaint, which he submitted to the Court on September 7, 2011.

The Court must construe the amended complaint liberally because Mr. Baker is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Baker will be ordered to file a second and final amended complaint.

The Court has reviewed the amended complaint filed by Mr. Baker and finds it again does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Baker's first claim is titled "Liberal Read of the Complaint." In this claim, he appears to assert that he has been denied access to the courts in violation of his First

Amendment right. However, the claim is vague and confusing, and Mr. Baker does not assert the claim against any named Defendant. Mr. Baker's second claim is also vague and confusing. He discusses law from the Colorado Supreme Court that does not appear to be applicable to any of his claims. He asserts that prison officials have retaliated against him for filing lawsuits by placing him in segregation, but he also asserts that he was placed in segregation because he does not have an inmate job. Mr. Baker fails to assert any constitutional violations in this claim and again fails to include allegations against any named Defendant or any prison official in particular. Mr. Baker's third claim asserts that "[t]he original medical co-pay statute enacted in 1987 charged $3.00 dollars [sic] and was found to be unconstitutional." Amended Complaint at 7. Mr. Baker then discusses his litigation in the Logan County Combined Courts, and asserts that he is seeking attorney fees and an injunction. However, he again fails to assert any constitutional claims and fails to include any allegations against any named Defendant or any other prison official.

Mr. Baker fails to include a short and plain statement of his claims showing that he is entitled to relief. He sets forth an unnecessary discussion of insignificant details and legal argument regarding Colorado state law and his litigation in the state court in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). As a result, the Court finds that the amended complaint and its asserted claims are vague and confusing. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the

complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Therefore, Mr. Baker will be directed to file a second and final amended complaint that complies with the pleading requirements of Rule 8. Mr. Baker must present his claims in a short, concise, and manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits, and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). To state a claim in federal court, Mr. Baker's second amended complaint "must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10thCir. 2007).

Mr. Baker must allege specific facts in his second amended complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Baker must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant

may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010) (Tymkovich, J., concurring), *cert. denied*, 2011 WL 1529753 (U.S. Apr. 25, 2011).

Mr. Baker may use fictitious names such as "John or Jane Doe" if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Baker uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Leroy W. Baker, file **within thirty days from the date of this order**, a second and final amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this order. It is

FURTHER ORDERED that Mr. Baker shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.

FURTHER ORDERED that, if Mr. Baker fails to comply with this order within the time allowed, the amended complaint and the action will be dismissed without further notice

DATED September 12, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01796-BNB

Leroy W Baker
Prisoner No.  82907
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 12, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk